```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TENNESSEE
                              WESTERN DIVISION
```

| | |
|---|---|
| EARL JACKSON, | |
|     Plaintiff, | |
| vs. | No. 05-2603-B/P |
| SHELBY COUNTY MAYOR A.C. WHARTON, et al., | |
|     Defendants. | |

```
                 ORDER ASSESSING $250 FILING FEE
                         ORDER OF DISMISSAL
           ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                                AND
                   NOTICE OF APPELLATE FILING FEE
```

Plaintiff Earl Jackson, booking number 04138556, an inmate at the Shelby County Criminal Justice Complex ("Jail")[1] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on August 18, 2005. The Clerk shall record the defendants as Shelby County Mayor A.C. Wharton, Shelby County Sheriff Mark Luttrell, Memphis Police Department Director Erwin Godwin, Sergeant Lee, Deputy Jailer Parker, and Sergeant Pepper, Chief of Security Robert Moore, and Sergeant J. Matthews.

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account, the prison

---

[2]   Effective March 7, 2005, the civil filing fee was increased to $250 from $150.

official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that, after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate

sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II. Analysis of Plaintiff's Claims

The complaint alleges that, on June 24, 2005, Jackson was escorted to the Jail intake to be served with two additional criminal charged filed by defendant Matthews. Jackson contends that Matthews lied so that he would be charged. He alleges that the charges were dismissed pursuant to an order of nolle prosequi.

The plaintiff seeks money damages in the amount of $300, disciplinary action to be taken against defendant Matthews, and injunctive relief.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998); see Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies

4

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system). This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Id. at 642; see also Boyd v. Corrections Corp. of Am., 380 F.3d 989, 985-96 (6th Cir. 2004) (describing the standard for demonstrating exhaustion when prison officials fail to respond in a timely manner to a grievance), cert. denied, 125 S. Ct. 1639 (2005); Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust those remedies during the

pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Finally, the Sixth Circuit recently held that district courts are required to dismiss a complaint in its entirety, pursuant to 42 U.S.C. § 1997e(a), that contains any unexhausted claims. Jones Bey v. Johnson, 407 F.3d 801, 805-09 (6th Cir. 2005).

In this case, the plaintiff has not satisfied his burden of demonstrating, through particularized averments, that he exhausted his administrative remedies as to his claims. The plaintiff alleges that he filed a grievance "concerning the unethical conduct of Sergeant J. Matthews" on an unspecified date "stating Sergeant Matthews lied on [his] report to have [him] charged with simple assault." A copy of that grievance is not attached to the complaint. As of August 18, 2005, the date the complaint was signed, the plaintiff had not received a response to his grievance. However, the complaint does not describe the Jail's grievance procedure, including the time set for a response or whether, in the event a response is not timely received, the inmate has the option of proceeding to the next step of the grievance process. Accordingly, the complaint does not adequately allege that the plaintiff exhausted his claims against defendant Matthews. Moreover, there is no indication that the plaintiff's grievance encompassed his claims against defendants Wharton, Luttrell, Godwin, Lee, Parker, Pepper, and Moore, as required by Moorer v. Price, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); Thomas v.

6

Woolum, 337 F.3d 720, 733-34 (6th Cir. 2003); and Curry, 249 F.3d at 504.

The Sixth Circuit has held that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte." Baxter, 305 F.3d at 489. Moreover, pursuant to the recent decision in Jones Bey, a district court must dismiss any complaint that contains unexhausted claims rather than attempting to sever the exhausted claims. Accordingly, the Court DISMISSES the complaint in its entirety, without prejudice, pursuant to 42 U.S.C. § 1997e(a).[3]

III. Appeal Issues

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs an appellate court must also dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed as unexhausted, the plaintiff would not yet be able to

---

[3] As the Sixth Circuit has explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." Baxter, 305 F.3d at 489.

present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal *in forma pauperis*.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(b).

IT IS SO ORDERED this 4th day of May, 2006.

                      s/ J. DANIEL BREEN
                      UNITED STATES DISTRICT JUDGE

---

[4] Effective April 9, 2006, the fee for docketing an appeal is $450. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.